Matter of Panepinto (2020 NY Slip Op 07842)





Matter of Panepinto


2020 NY Slip Op 07842


Decided on December 23, 2020


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, WINSLOW, AND DEJOSEPH, JJ. (Filed Dec. 23, 2020.)


&em;

[*1]MATTER OF MARC C. PANEPINTO, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 18, 1998, and he maintains an office in Buffalo. In October 2019, the Grievance Committee filed a petition against respondent alleging that he engaged in professional misconduct based on his 2018 conviction, upon his plea of guilty in the United Stated District Court for the Western District of New York, of promising employment or other benefit as consideration, favor, or reward for political activity in violation of 18 USC § 600, a federal misdemeanor. Although respondent filed an answer denying material allegations of the petition, the parties thereafter entered into a stipulation resolving all issues of fact. The parties have also entered into a supplemental stipulation wherein respondent admits that the conduct underlying his conviction violated certain provisions of the Rules of Professional Conduct (22 NYCRR 1200.0). In addition, respondent has submitted to this Court written materials in mitigation, and he has appeared before this Court to be heard in mitigation.
With respect to the facts underlying respondent's conviction, from January 2015 through December 2016, respondent served as a New York State Senator representing Senate District 60. Respondent admits that, in January 2016, he traveled to New York City with a staff member of his Senate office to engage in fundraising activities for his 2016 reelection campaign. Respondent admits that, when they returned to their hotel after attending the fundraising event and engaging in related social activities, respondent visited the staff member's hotel room to address matters related to the fundraising event, whereupon respondent made unwanted verbal and physical sexual advances toward the staff member. Respondent admits that the staff member asked him to leave her hotel room, which he did. In February 2016, the staff member submitted to respondent a letter of resignation from her position in respondent's Senate office, citing, inter alia, respondent's conduct following the fundraising event. Respondent immediately reported the former staff member's allegations to the Senate Personnel Office, and the matter was eventually referred to the New York State Joint Commission on Public Ethics (JCOPE) for further investigation. Respondent admits that, after he became aware of the JCOPE investigation, he was concerned that it would negatively affect his 2016 reelection campaign. Respondent admits that he subsequently arranged for an employee of his Senate office to offer the former staff member a financial payment or new employment in exchange for her agreement to refuse to participate in the JCOPE investigation. Respondent admits that, at his direction, the employee of his Senate office met the former staff member in March 2016, at which time the former staff member recorded the conversation. Approximately one week later, respondent publicly announced that he would not seek reelection to the Senate. The FBI commenced an investigation into respondent's conduct and, in June 2018, respondent executed a plea agreement and entered a plea of guilty in District Court to the above-referenced federal misdemeanor. In December 2018, respondent was sentenced in District Court to incarceration for a period of two months, supervised release for a period of one year, and payment of a fine in the amount of $9,500. Respondent thereafter entered into a settlement with JCOPE wherein he acknowledged that the conduct set forth in his federal plea agreement violated certain provisions of the Public Officers Law, and he agreed to pay a civil fine in the amount of $10,000.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 3.4 (b)—offering an inducement to a witness that is prohibited by law;
rule 8.4 (a)—violating or attempting to violate the Rules of Professional Conduct through the acts of another;
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered the matters in mitigation submitted by respondent, including his statement that the misconduct was unrelated to his practice of law, that he fully cooperated in the investigation of the Grievance Committee, and that he has already suffered the imposition of other penalties and sanctions for the misconduct. We have also considered respondent's expression of remorse for the misconduct and the numerous letters of support from individuals attesting to respondent's generosity, good character and standing in the community. We have further considered, however, certain factors in aggravation of the misconduct, including that respondent has engaged in serious misconduct evidencing a disregard of the high standards imposed upon members of the bar. We have also considered that respondent has a disciplinary history that includes a prior suspension imposed by this Court based on his conviction, in 2001, of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) (Matter of Panepinto , 290 AD2d 66 [4th Dept 2001]). Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court.